RECEIVED
ENTERED
_____ SERVED ON
COUNSEL/PARTIES OF RECORD

October 13, 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

DOUGLAS HARRY WARENBACK,

    Plaintiff,

vs.

A.G. AARON FORD,

    Defendant.

Case No. 2:20-cv-01682-KJD-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1); MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (ECF NO. 3); MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF NO. 5); MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (ECF NO. 6)

   Before the Court are pro se plaintiff Douglas Harry Warenback's application to proceed *in forma pauperis* (ECF No. 1); complaint (ECF No. 1-1); and his motions for leave to file a first, second, and third amended complaint (ECF Nos. 3, 5, 6). Warenback's in forma pauperis application is granted (ECF No. 1); his complaint is dismissed without prejudice with leave to amend (ECF No. 1-1); and his motions (ECF Nos. 3, 5, and 6) are all denied without prejudice.

## DISCUSSION

   Warenback's application and complaint present two questions: (1) whether Warenback may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Warenback's complaint states a plausible claim for relief.

I.      **Whether Warenback May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that he has no wages, that he receives $194 per month in assistance, and that he has $175.00 in savings. (*Id*.) Plaintiff's application to proceed in forma pauperis is granted.

II.     **Whether Warenback's Complaint States a Plausible Claim**

a.      **Plaintiff's Complaint and Filings**

Warenback brings a civil rights complaint pursuant to 42 U.S.C. Section 1983. (ECF No. 1-1). He filed a complaint on the Court's approved form, and he also attached additional arguments to the complaint. (*Id*.) He alleges that NRS 179D.480 is unconstitutional. (*Id.* at 2). Warenback alleges that the provision that states that a, "sex offender shall appear in person in at least one jurisdiction in which the offender or sex offender resides" violates the United States Constitution because it is an ex post facto law. (*Id.*) Warenback alleges that the statute is unconstitutional on its face and as applied to him because he spent many years as a homeless person which made it difficult for him to comply with the required in person appearances. (*Id*.) Warenback filed three motions for amended complaints, in which he attempts to add additional arguments to his original complaint and replace certain pages of the original complaint. (i.e., see ECF No. 3 at 1) ("The amended complaint replaces pages 6-12 of document 1-1).

b.      **Legal Standard**

Because the Court grants Warenback's application to proceed *in forma pauperis*, it must review Warenback's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a

complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

A complaint must be complete in and of itself and not refer to or adopt the prior complaint. *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The United States Constitution states that, "[n]o Bill of Attainder or ex post facto Law shall be passed." USCS Const. Art. I, § 9, Cl 3.  The United States Supreme Court upheld the constitutionality of Alaska's sex offender registration law, holding that, "registration requirements make a valid regulatory program effective and do not impose punitive restraints in violation of the *Ex Post Facto* Clause."  *Smith v. Doe*, 538 U.S. 84, 102, 123 S. Ct. 1140, 1152 (2003). The Ninth Circuit has not considered the constitutionality of Nevada's sex offender registration statute, but it has considered California's sex-

offender registration statute[1], which, unlike Alaska's law, also requires offenders to register in person. See *Hatton v. Bonner*, 356 F.3d 955, 964 (9th Cir. 2003). For example, the *Hatton* Court noted that:

It is true that, unlike the Alaska statute, § 290 requires Petitioner to register in person. Although this fact is important, when balanced against the other facts highlighted above, it is simply not enough to turn § 290 into an affirmative disability or restraint. Thus, this factor weighs in favor of the state court's conclusion that application of § 290 to Petitioner does not violate the Ex Post Facto Clause.

See *Hatton*, 356 F.3d at 964. The Ninth Circuit stated that, "we must undertake a two-step analysis to determine whether § 290 constitutes retroactive punishment forbidden by the Ex Post Facto Clause." *Id.*, citing to *Smith*, 125 S. Ct. at 1146-47; also citing to *Young v. Weston*, 344 F.3d 973, 977 (9th Cir. 2003) (applying two-step test under civil commitment statute); and *Russell v. Gregoire*, 124 F.3d 1079, 1086-87 (9th Cir. 1997) (evaluating Washington's sex-offender registration statute using the same two-part analysis). "First, we must decide whether the intent of the California legislature in enacting § 290 was to impose punishment on sex offenders….If the answer is 'yes,' our analysis ends because retroactive application of the statute would constitute an ex post facto violation." *Hatton* 356 F.3d at 964, citing to *Smith*, 125 S. Ct. at 1146-47. "If, however, the intent of the California legislature was to enact a nonpunitive and civil regulatory regime, we move to the second step of the analysis to decide whether § 290 is 'so punitive either in purpose or effect as to negate [the State's] intention to deem it civil.'" *Hatton* 356 F.3d at 964, citing to *Smith*, 125 S. Ct. at 1146-47.

### c.  Discussion

To dismiss a complaint at the screening stage, the complaint must be frivolous, malicious, or fail to state a plausible claim. The plaintiff claims that the Nevada Statute violates his rights and the ex post

---

[1] Cal Pen Code § 290.

4

facto clause, but even reading the complaint liberally, plaintiff does not state a plausible claim pursuant to the Ninth Circuit's two-step approach. For example, the plaintiff does not allege that the Nevada legislature intended to impose punishment on sex offenders in enacting the statute or that the in-person reporting requirement is so punitive that it negates the legislature's intention.

The Court still dismisses plaintiff's complaint without prejudice, with leave to amend. The plaintiff has moved to amend the complaint several times, but his amendment attempts are each lengthy addendums to the original complaint, wherein he refers to the original complaint.  Thus, the Court denies plaintiff's three motions to amend. The first amended complaint that plaintiff files must also conform to the requirements of Rule 8, which provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Plaintiff may file a first amended complaint, that is complete in and of itself (i.e. does not reference the original complaint).

ACCORDINGLY,

IT IS ORDERED that Warenback's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Warenback's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiffs' motions to file amended complaints (ECF Nos. 3, 5, and 6) are all DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Warenback has until Monday, November 9, 2020 to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 13th day of October 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

6