# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

DOUGLAS HARRY WARENBACK,

    Plaintiff,

vs.

A.G. AARON FORD,

    Defendant.

Case No. 2:20-cv-01682-KJD-VCF

**Report and Recommendation for Dismissal**

AMENDED COMPLAINT (ECF NO. 9)

  Before the Court is pro se plaintiff Douglas Harry Warenback's amended complaint (ECF No. 9). The Court recommends that plaintiff's amended complaint be dismissed.

**I. Discussion**

  The Court granted plaintiff's informa pauperis application and dismissed his complaint without prejudice with leave to amend, finding that he failed to state a plausible claim. (ECF No. 7 at 5). Plaintiff alleged that Nevada's sex-offender registration statute, NRS 179D.480, violates his constitutional rights because it states that a "sex offender shall appear in person in at least one jurisdiction in which the offender or sex offender resides," which, plaintiff alleged, made the statute an ex post facto law. (*Id*.) Warenback alleged that the statute is unconstitutional on its face and as applied to him because he spent many years as a homeless person which made it difficult for him to comply with the required in person appearances. (*Id*.)

  The Court analyzed plaintiff's complaint and noted that the Ninth Circuit held, when analyzing

whether California's sex offender statute[1] violated the ex post facto clause, that "we must undertake a two-step analysis to determine whether § 290 constitutes retroactive punishment forbidden by the Ex Post Facto Clause." *Hatton v. Bonner*, 356 F.3d 955, 964 (9th Cir. 2003)(citations omitted); see also *Russell v. Gregoire*, 124 F.3d 1079, 1086-87 (9th Cir. 1997) (evaluating Washington's sex-offender registration statute using the same two-part analysis). "First, we must decide whether the intent of the California legislature in enacting § 290 was to impose punishment on sex offenders….If the answer is yes, our analysis ends because retroactive application of the statute would constitute an ex post facto violation." *Hatton* 356 F.3d at 964. "If, however, the intent of the California legislature was to enact a nonpunitive and civil regulatory regime, we move to the second step of the analysis to decide whether § 290 is so punitive either in purpose or effect as to negate [the State's] intention to deem it civil." *Id*. at 964.

The Court dismissed plaintiff's complaint because plaintiff had, "not state[ed] a plausible claim pursuant to the Ninth Circuit's two-step approach. For example, the plaintiff does not allege that the Nevada legislature intended to impose punishment on sex offenders in enacting the statute or that the in-person reporting requirement is so punitive that it negates the legislature's intention." (ECF No. 7 at 4-5, citing to *Hatton* 356 F.3d at 964). The Court allowed plaintiff to amend his complaint to make allegations per the Ninth Circuit's two-step approach.

//

---

[1] Although it does not appear that the Ninth Circuit has ever addressed whether NRS 179D.480 is constitutional, as the plaintiff acknowledges, it did address whether Nevada Assemb. B. 579 (Nev. 2007), which amended NRS 179D.480 to require law enforcement to provide notification regarding the offender to certain members of the public, violated the Ex Post Facto Clause or Double Jeopardy Clause. *ACLU v. Masto*, 670 F.3d 1046, 1050 (9th Cir. 2012). (Holding that the requirements of Assemb. B. 579 (Nev. 2007) did not constitute retroactive punishment in violation of the Ex Post Facto Clause or Double Jeopardy Clause because Assemb. B. 579 amounted to an expansion of a registration and notification regime that the Nevada Supreme Court has already determined is civil in intent).

### a. Amended Complaint

Plaintiffs 20-page amended complaint appears to summarize cases from across the country regarding various sex offender statutes and other issues he alleges courts have addressed on behalf of other offenders[2]. (ECF No. 9). Plaintiff briefly addresses the Court's Order regarding the fact that he has not stated a plausible claim pursuant to the Ninth Circuit's two-step approach, and he notes: "I did not make any attempt to answer the first part of the [Hatton] test because it is always stipulated that legislative intent was regulatory in nature." (*Id*. at 7, see also *Hatton*, 356 F.3d at 964).

Plaintiff concedes that he has not made any allegations in his complaint regarding whether the intent of the Nevada legislature in enacting the in-person registration requirement was to impose punishment on sex offenders. Using the liberal pleading standard afforded to pro se litigants, plaintiff also does not attempt to allege that Nevada's statute is "so punitive either in purpose or effect as to negate [the State's] intention to deem it civil" as required by the Ninth Circuit's second step. Plaintiff instead argues that this Court should use the Six Circuit's approach instead of the Ninth Circuit's two-step approach. (ECF No. 9 at 7). Plaintiff has failed to state a plausible claim and he has not cured any deficiencies through amendment, which supports the Court's recommendation that this case be dismissed.

//

//

---

[2] Plaintiff also alleges that he brings this case on behalf of himself and, "[a]ll registered sex offenders, past and present, similarly situated." (ECF No. 9 at 2). Plaintiff is pro se and cannot bring a class action lawsuit. It is well-established that the privilege to proceed pro se does not allow one to appear as an attorney for others. See *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). This bars the Court from allowing a pro se plaintiff to proceed with this matter as a class action because plaintiff would be representing the class members. See e.g. *Jackson v. U.S. United States Bankr. Court Clerk*, 3:19-cv-05475-RBL JRC, 2019 U.S. Dist. LEXIS 129061, 2019 WL 3464860, at 2 (W.D. Wash. June 26, 2019).

ACCORDINGLY,

IT IS RECOMMENDED that plaintiff Warenback's amended complaint (ECF No. 9) be DISMISSED, and Judgment entered.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 18th day of February 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE